THE ATTORNEY GENERAL
OF TEXAS



JOHN L. HILL,
ATTORNEY GENERAL

December 8, 1976

The Honorable Dorman H. Winfrey     Opinion No. H-907
Director and Librarian
Texas State Library               Re: Transfer of county
P. O. Box 12927, Capitol Station   records to regional
Austin, Texas 78711            historical resource
                                    depositories.

Dear Mr. Winfrey:

You have asked our opinion whether article 6574b, V.T.C.S., bars the transfer of any county records to regional historical resource depositories authorized by article 5442b, V.T.C.S., and whether those depositories have any legal obligation to return court records to the clerk of the originating court or other courts for use by a private attorney. Section 5 of article 6574b provides:

> Nothing in this Act shall authorize the
> destruction or disposition of any deed
> record, deed of trust record, mechanic's
> lien record or any minute book of any
> Court or any minute book of any political
> subdivision of Texas.

We have previously found that dispositions of all records in the custody of county clerks, county recorders, and clerks of county courts are controlled by article 1941(a), V.T.C.S., and that article 6574b has no application to those records. Attorney General Opinion H-523 (1975). Article 1941(a) authorizes county officers to microfilm all records permitted or required to be filed and recorded, and provides for the disposition of the original records upon order of the commissioners court, after certification by the county clerk to the commissioners court that the microfilm record is of acceptable quality and has been satisfactorily used for five years or more. V.T.C.S. art. 1941(a), § 6(d).

Turning to your second question, we find no authority to indicate a legal obligation by regional historical resource depositories to return court records to the clerk of the original court or other courts for the use of private attorneys, absent a court order requiring the return of such records, so long as microfilm records of the documents sought are available from the clerk of the originating court.  The microfilm record made of documents before their disposition is deemed to be an original record for all purposes. V.T.C.S. art. 1831a, § 3; art. 1899a, § 3; art. 1941(a), § 3.   These microfilm records are to be "furnished for the public to quickly and easily locate . . . ."  V.T.C.S. art. 1941(a), § 5(i).   See also V.T.C.S. art. 1831a, § 2(3); art. 1899a, § 2(3).   The right of public inspection may normally be satisfied through the availability of microfilm records which are statutorily deemed to be original records.

### S U M M A R Y

Article 6574b, V.T.C.S., has no application to records in the custody of the county clerk or clerk of a county court, and does not bar transfer of those records to regional historical resource depositories as authorized by article 5442b, V.T.C.S.  Regional historical resource depositories have no legal obligation to return court records to the clerk of the original court or other courts for the use of private attorneys, absent a court order requiring the return of such records, so long as microfilm records of the documents sought are available from the clerk of the originating court.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb